UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PURNELL WILLIAMS | * | CIVIL ACTION |
| VERSUS | * | NO. 24-1554 |
| ATTORNEY GENERAL STATE OF LOUISIANA, ET AL. | * | SECTION "D" (2) |

**ORDER AND REASONS**

Before me is Plaintiff Purnell Williams' Motion for Leave to File Amended Complaint (via interlineation) seeking to add new claims (mail fraud, violation of right to travel and use of social security number, and abuse of power) against two new defendants ("Louisiana Department of Social Services" and "Child Support Enforcement (subdivision of Louisiana Department of Social Services)").  ECF No. 16 at 2.  Defendants Attorney General State of Louisiana (properly denominated Louisiana Department of Justice, Office of the Attorney General) and Angela O'Brien timely filed an Opposition Memorandum.  ECF No. 18.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's amendment will be docketed but the motion is DENIED AS MOOT for the reasons stated herein.

## I.     BACKGROUND

Plaintiff Purnell Williams filed suit against the Louisiana Attorney General and one of its assistant attorneys Angela O'Brien asserting claims of, among other things, fraud, intentional infliction of emotional distress, improper seizure of assets, violation of privacy and defamation.  ECF No. 3 ¶¶ 24-46.  Plaintiff alleges that he received a fraudulent child support order with his social security number, but he has no court-ordered support obligations or biological children with

1

the children's mother.  ECF No. 3 ¶¶ 4-9.  Plaintiff contends that, despite providing information establishing that he has no child support obligation, Defendants have continued to enforce the support order against him, resulting in damages.  *Id.* ¶¶ 11-16.

Defendants filed a Motion to Dismiss based on Eleventh Amendment immunity, prescription, failure to state a claim under 42 U.S.C. § 1983 or Louisiana law, and qualified immunity.  ECF No. 10.  In that motion, Defendants note that this is Plaintiff's third lawsuit based on the same events giving rise to this proceeding.  ECF No. 10-1 at 1-4.  The court dismissed the first case (No. 22-1129) and the second case (No. 23-2851), and Plaintiff took no appeal.

Plaintiff now seeks to amend to add claims against the previously dismissed defendants (Louisiana  Department of Social Services and Child Support Enforcement Division of the Louisiana Department of Children and Family Services).  Defendants oppose the motion on the basis of futility, citing the court's prior dismissal of these defendants for lack of jurisdiction based on Eleventh Amendment immunity.  ECF No. 18 at 2.   In Reply, Plaintiff objects to the undersigned's resolution of the motion because he has not consented pursuant to 28 U.S.C. § 636(c) and argues that the amendment is not futile because the Eleventh Amendment does not bar suits for prospective injunctive relief.  ECF No. 19.

## II.    LAW AND ANALYSIS

Only the motion for leave to amend, not the motion to dismiss, is currently at issue.

### A.    Statutory Authority of Magistrate Judges

Plaintiff's objection to the undersigned's resolution of this motion to amend reflects a fundamental misunderstanding of the jurisdiction and authority of magistrate judges. The Federal Magistrate Act of 1979 provides the authority for the district court to refer any non-dispositive, pretrial matter to a magistrate judge for determination and to designate a magistrate judge to

2

conduct hearings and submit proposed findings of fact and recommendations for dispositive matters.[1]  In contrast, the referral of the entire case for entry of final judgment or referral for resolution of a dispositive matter requires the unanimous consent of the parties under § 636(c).

Likewise, under Rule 72 of the Federal Rules of Civil Procedure, a magistrate judge may address both nondispositive and dispositive matters without the need for party consent.  The magistrate judge may issue an order on pretrial matters "not dispositive of a party's claim or defense" but only recommend disposition on those matters that are dispositive.  FED. R. CIV. P. 72(a)-(b)(1).  Courts look to § 636(b)(1)(A) to determine whether a matter is dispositive or not.[2]

While a magistrate judge's jurisdiction to hear a civil case and enter final judgment under § 636(c) requires parties' consent, § 636(b) referrals do not.[3]  Motions for leave to amend are considered nondispositive matters.[4]  Thus, this pretrial nondispositive matter has been automatically referred to the undersigned pursuant to Local Rule 72.1 and in accordance with § 636(b)(1) and FED. R. CIV. P. 72.  Accordingly, Plaintiff's consent is not required for the undersigned to resolve this motion.

### B.   Leave to Amend Is Not Required

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course" within 21 days of service or "21 days after service of a

---

[1] 28 U.S.C. § 636(b)(1)(a)-(b); FED. R. CIV. P. 72; *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).  The consent of the parties is not required for such referral.  *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002) ("The consent of the parties is not required under this section."); *Roell v. Withrow*, 538 U.S. 580, 585 (2003) (referring to referrals under § 636(b) as "nonconsensual referrals"); *Jackson*, 864 F.2d at 1242 (holding that "[n]o such consent is required" for referrals under § 636(b)); *Ford v. Estelle*, 740 F.2d 374, 377 (5th Cir. 1984) (explaining that § 636(b)(1) "allows a district court to refer to a magistrate without consent of the parties").

[2] *Dalrymple v. U.S. Postal Serv.*, No. 18-14237, 2020 WL 1181845, at *2 (E.D. La. Mar. 12, 2020) (Vance, J.) (citing *Vaquillas Ranch Co. v. Texaco Expl. & Prod., Inc.*, 844 F. Supp. 1156, 1162 (S.D. Tex. 1994) (discussing cases in which courts have used § 636(b)(1)(A) to define dispositive)).

[3] *Williams v. Liberty Mut. Ins. Co.*, No. 04-30768, 2005 WL 776170, at *1 n.1 (5th Cir. Apr. 7, 2005).

[4] *Id.* (citing cases); *see also Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 851 (5th Cir. 2010) (characterizing a motion for leave to amend as a nondispositive matter from which a party must seek review by the district judge to preserve appellate review).

responsive pleading . . . [or] motion under Rule 12(b), (e), or (f)." FED. R. CIV. P. 15(a)(1)(A), (B). In all other cases, a party may amend its pleading with the opposing party's written consent or leave of court, which leave should be freely granted when justice so requires. *Id.* 15(a)(2).

In this case, Plaintiff has exercised his opportunity to amend as of right within 21 days after service of Defendants' Rule 12 motion. *Compare* ECF No. 10 (filed August 26, 2024), *with* ECF No. 16 (filed September 13, 2024). Because Plaintiff is entitled to amend his complaint as of right, he need not obtain leave of court for this amendment.[5] Thus, the Court has no occasion to assess whether Plaintiff's amended claims are futile.[6]

### III.   CONCLUSION

For the foregoing reasons, Plaintiff is entitled to file his Amended Complaint as of right under Rule 15(a)(1)(B). Although Plaintiff has not attached a separate Amended Complaint, reading his filings broadly in light of his *pro se* status, his Motion constitutes an amendment by interlineation. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 16) is DENIED AS MOOT.

---

[5] While some courts do not allow a party to amend via interlineation because it creates confusion in the record (*Majors v. Trout*, No. 24-22, 2024 WL 2250374, at *4 (E.D. Mo. May 17, 2024) (citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.")), "[s]ubject to the discretion of the court, and in the absence of a statute or rule of court providing otherwise, amendment by interlineation is considered permissible, particularly in the case of an amendment of a trivial or formal nature." *Woodburn v. State of Fla. Dep't of Child. & Fam. Servs.*, 854 F. Supp. 2d 1184, 1210 (S.D. Fla. 2011) (quoting 71 C.J.S. PLEADING § 437 (2011)).

[6] In Plaintiff's second lawsuit (No. 23-2851), he filed the proceeding pursuant to the in forma pauperis statute. Thus, the Court was statutorily-mandated to review of the claims to assess whether it was frivolous or malicious, failed to state a claim, or sought monetary relief against an immune defendant, in accordance with 28 U.S.C. § 1915(e)(2)(B). In this case, however, Plaintiff is not proceeding as a pauper under § 1915. Rather, he paid the full filing fee. And while the Court has an affirmative duty to ensure its jurisdiction, the appropriate avenue for the Defendants to raise their argument that jurisdiction is lacking is through a properly filed Rule 12(b)(1) motion. By proceeding in accordance with Rule 12, Plaintiff receives notice of the basis for dismissal as well as the opportunity to respond to same.

IT IS FURTHER ORDERED that the Clerk consider his Motion for Leave as the Amended

Complaint (via interlineation) filed as of right, adding the parties and claims identified therein.

New Orleans, Louisiana, this __30th__ day of September, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE