UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PURNELL WILLIAMS**                                       **CIVIL ACTION**

**VERSUS**                                                 **NO. 24-1554**

**ATTORNEY GENERAL STATE**                                 **SECTION: D(2)**
**OF LOUISIANA, ET AL.**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss First Amended Complaint filed by Defendants Attorney General State of Louisiana and Assistant Attorney General Angela O'Brien.[1] Plaintiff Purnell Williams opposes the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** Defendants' Motion and **DISMISSES** this matter.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This suit is the third in the trilogy of cases filed by Plaintiff Purnell Williams ("Williams") challenging the imposition and collection of state-imposed child support payments. This Court previously dismissed Williams's first two lawsuits,[3] and on June 21, 2024, Williams, proceeding pro se, filed this third lawsuit against Defendants the Louisiana Office of Attorney General (the "OAG") and Angela O'Brien ("O'Brien"), alleging various state and federal violations relating to the collection of child support payments from Williams.[4] Thereafter, the OAG and O'Brien filed a

---

[1] R. Doc. 43.
[2] R. Docs. 44, 46, and 47.
[3] *See Williams v. La. Dep't of Soc. Servs.*, No. 22-CV-1129 (E.D. La. 2022) ("*Williams I*"); *see also Williams v. Dep't of Soc. Servs.*, No. 23-CV-2851, 2023 WL 7870609 (E.D. La. Oct. 16, 2023), report and recommendation adopted, 2023 WL 7688754 (E.D. La. Nov. 13, 2023) ("*Williams II*").
[4] R. Doc. 3.

Motion to Dismiss for Failure to State a Claim and Motion to Dismiss for Lack of Jurisdiction, which remains pending.[5] In that Motion, the OAG and O'Brien advance a number of bases for dismissal of Williams's claims, including the invocation of sovereign immunity.[6] On October 16, 2024, Williams filed a Motion for Immediate Injunction, which likewise remains pending.[7]

On November 22, 2024, Williams filed his First Amended Complaint, naming Attorney General State of Louisiana (the "Attorney General"), O'Brien in her individual and official capacities, and the Louisiana Department of Children and Family Services ("DCFS")[8] (collectively, "Defendants").[9] In his First Amended Complaint, Williams alleges that "Defendants have knowingly imposed fraudulent child support obligations upon Plaintiff despite his lack of biological, foster, or adoptive children with Merci Moses."[10] Williams alleges that "[t]he actions of Defendants have caused Plaintiff severe financial harm, emotional distress, and psychological injury."[11] Based on these allegations, Williams raises claims for (1)

---

[5] R. Doc. 10.
[6] *Id.* at 5-7.
[7] R. Doc. 27.
[8] Incorrectly identified by Plaintiff as "Louisiana Department of Social Services" and "Child Support Enforcement Division." The Child Support Enforcement Division is an office within the DCFS, and the Louisiana Department of Social Services was previously the Department of Social Services. *See Richardson v. U.S. F.B.I.*, No. 20-CV-1050, 2021 WL 1207752, at *8 (W.D. La. Mar. 15, 2021) (explaining that the plaintiff had incorrectly sued the Louisiana DCFS as "Child Support Payment Office"); *see also* LA. R.S. § 46.236.1.2 (providing DCFS with the authority to develop, implement, and administer Louisiana child support enforcement scheme); *see Day v. Louisiana*, No. 12-CV-2844, 2013 WL 3894025, at *1 n.10 (W.D. La. July 25, 2013) ("The Department of Children and Family Services . . . was previously 'State of Louisiana Department of Social Services, Office of Community Services.'"); *see Williams I*, No. 22-CV-1129, R. Doc. 20 at 1 n.2 (noting that Williams's claims against "Louisiana Department of Social Services, Office of Family Support, Support Enforcement Service" were claims against DCFS).
[9] R. Doc. 39.
[10] *Id.* at ¶ 10.
[11] *Id.* at ¶ 15.

Violation of Due Process; (2) Fraud; (3) Violation of Secured Party Rights; (4) Mail Fraud; and (5) Emotional and Psychological Distress.[12]  Shortly after, Williams filed a Motion for Summary Judgment, which remains pending.[13]

On December 26, 2025, the Attorney General and O'Brien (the "State") filed the instant Motion to Dismiss First Amended Complaint.[14]  In support of its Motion, the State argues that Williams's claims against the Attorney General and DCFS must be dismissed because Section 1983, the statute under which Williams brings his claims, may only be brought against "persons" and neither of these Defendants are "persons."[15]  The State specifies that no cause of action against either the State or State agencies are authorized under Section 1983.[16] The State then argues that Williams's claims against O'Brien in her official capacity are barred by sovereign immunity as "official-capacity suits are merely another way of pleading an action against the entity of which the officer is an agent" and in this case, that is the State of Louisiana.[17]  The State further contends that Williams's claims against O'Brien in her individual capacity fail because Williams does not identify a constitutional violation on the part of O'Brien.[18]

---

[12] *Id.* at ¶¶ 16-20.
[13] R. Doc. 41.
[14] R. Doc. 43.  DCFS did not join in the instant Motion.  The State notes that while the Department of Social Services and the Support Enforcement Division have been named as defendants in this matter, neither has been served.  R. Doc. 43-1 at 1.
[15] The Court notes that although his Original Complaint named as a Defendant the Louisiana Office of Attorney General, his Amended Complaint, which is the controlling pleading, appears to assert claims against the Attorney General.
[16] R. Doc. 43-1 at 7-8.
[17] *Id.* at 8.
[18] *Id.* at 8-9. The State makes additional arguments specific to the dismissal of the Louisiana Department of Social Security and the Child Support Enforcement Division do not have the capacity to be sued.  However, as the Court explained above, the proper Defendant is DCFS.

3

Williams filed several responses to the State's Motion in which Williams argues that the State's invocation of sovereign immunity fails based on the *Ex parte Young* exception to immunity.[19] Specifically, Williams argues that under *Young*, Defendants are not entitled to sovereign immunity for claims of "fraud, abuse of power, or violations of constitutional rights."[20] Williams then details the following alleged violations on behalf of Defendants: (1) violation of the right to travel; (2) violation of cease-and-desist notices; (3) fraud and coordination of fraud; (4) failure to produce certain documents; (5) the taking of COVID relief funds; and (6) mail fraud and other violations.[21]

Following the briefing on the State's instant Motion to Dismiss First Amended Complaint, the State filed a Motion to Dismiss Plaintiff's Motion for Summary Judgment as Premature and set that Motion for submission on February 4, 2025.[22]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part of it, for failure to state a claim upon which relief may be granted.[23] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[24] "A claim has facial plausibility when the plaintiff pleads factual

---

[19] 209 U.S. 123 (1908); R. Docs. 44, 46, and 47.
[20] R. Doc. 44 at 1 (emphasis omitted). The State's instant Motion to Dismiss First Amended Complaint raises sovereign immunity only as to Williams's claims against O'Brien.
[21] *Id.* at 2-4.
[22] R. Docs. 45 and 45-2.
[23] FED. R. CIV. P. 12(b)(6).
[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

4

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[26] In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the non-moving party.[27] The Court, however, is not bound to accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.[28] "Dismissal is appropriate when the complaint on its face shows a bar to relief."[29]

### III. ANALYSIS

#### A. Operative Complaint

As an initial matter, the Court notes that it considers only Williams's Amended Complaint,[30] and not his Original Complaint.[31] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."[32] Williams's Amended Complaint did not refer to or incorporate his Original

---

[25] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678) (quotation marks omitted).
[26] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).
[27] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[28] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[29] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (internal quotations omitted).
[30] R. Docs. 39 and 1.
[31] R. Doc. 3.
[32] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

Complaint, based on instruction from the Court,[33] and therefore, Williams's Amended Complaint[34] is the sole operative pleading for purposes of this Motion.

### B. Whether this Court Has Subject Matter Jurisdiction over Williams's Claims

Unlike the State's initial Motion to Dismiss,[35] its instant Motion to Dismiss Amended Complaint attacks Williams's claims only as to the merits of the claims; it does not raise jurisdictional arguments. Of course, this Court, as a court of limited jurisdiction, must establish that it has subject matter jurisdiction over the claims before it.[36] Accordingly, although the State did not reurge its jurisdictional arguments in support of the instant Motion, the Court *sua sponte* considers whether it has subject matter jurisdiction over Williams's claims against all Defendants.[37]

Williams brings claims against the Attorney General State of Louisiana, DCFS and the Child Support Enforcement Division of DCFS,[38] and Angela O'Brien in her official capacity as Assistant Attorney General, as well as in her individual capacity.[39] The Eleventh Amendment to the United States Constitution "generally deprives federal courts of jurisdiction to hear 'suits by individuals against nonconsenting

---

[33] On October 1, 2024, Williams attempted to file an Amended Complaint into the record. However, because the pleading was not a comprehensive pleading as is required by this Section, the Court struck the pleading. R. Docs. 21 and 23. In its Order striking the Amended Complaint, the Court instructed that Williams may file an amended complaint as a comprehensive pleading, without reference to or incorporation of, any prior iterations of the Complaint. R. Doc. 23.
[34] R. Doc. 39.
[35] R. Doc. 10.
[36] *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).
[37] As noted above, DCFS did not join in the instant Motion. However, because the Court must have subject matter jurisdiction over the claims against each Defendant, the Court will consider whether Williams's claims against it are barred by sovereign immunity.
[38] *See* footnote 8 for details about the naming of DCFS and the Child Support Enforcement Division.
[39] R. Doc. 39 at 2.

states' and suits 'against state officials in their official capacities.'"[40] "State sovereign immunity is a fundamental aspect of the sovereignty that the states enjoyed before the ratification of the Constitution and the Eleventh Amendment, and it was preserved intact by the Constitution."[41] "Sovereign immunity is the privilege of the sovereign not to be sued without its consent."[42] The Fifth Circuit has explained, "the very object and purpose of sovereign immunity is to protect the state from the 'coercive process of judicial tribunals at the instance of private parties.'"[43] The states' sovereign immunity "bars suits by private citizens against a state in federal court, irrespective of the nature of the relief requested."[44]

"Importantly, however, sovereign immunity is not boundless."[45] Sovereign immunity does not apply if Congress has abrogated the State's sovereign immunity, if the State has waived sovereign immunity, or if the *Ex parte Young* doctrine applies.[46] The *Ex parte Young* doctrine affords a federal court jurisdiction over a matter "against a 'state official in his official capacity if the suit seeks prospective relief to redress an ongoing violation of federal law.'"[47] Thus, for *Young* to apply, "(1) A plaintiff must name individual state officials as defendants in their official

---

[40] *Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 450 (5th Cir. 2022) (citing *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004) (Garza, J., concurring in part and dissenting in part)).
[41] *Myers v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005) (citing *Alden v. Maine*, 527 U.S. 706, 713 (1999)).
[42] *Va. Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011); *see also Myers*, 410 F.3d at 240 (citing *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Savs. Bank*, 527 U.S. 627, 634 (1999) (citation omitted).
[43] *Texas v. Caremark, Inc.*, 584 F.3d 655, 658 (5th Cir. 2009) (quoting *Sherwinski v. Peterson*, 98 F.3d 849, 851 (5th Cir. 1996)).
[44] *Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001) (emphasis added).
[45] *Id.*
[46] *Ysleta Del Sur Pueblo v. Laney*, 199 F.3d 281, 285 (5th Cir. 2000).
[47] *Phillips*, 24 F.4th at 450 (quoting *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020)).

capacities; (2) the plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be properly characterized as prospective."[48] The Court now turns to each Defendant to determine whether Williams's claims are barred by sovereign immunity.

> i. **Williams's Claims Against the Attorney General State of Louisiana and Angela O'Brien in Her Official Capacity**

As an initial matter, "sovereign immunity is not a defense in . . . individual-capacity suits."[49] Thus, Williams's claims against O'Brien in her individual capacity plainly survive sovereign immunity.[50] The same is not true for Williams's claims against the Attorney General and O'Brien in their official capacities, however. Importantly, both the Fifth Circuit and this Court have both held that the Attorney General and DCFS are entitled to sovereign immunity for claims brought against them in their official capacities.[51] And while sovereign immunity is not limitless, none of the recognized exceptions exist in this case.

Take first the *Young* exception, which Williams specifically invokes in his opposition briefs. As explained above, *Young* applies to claims against state officials in their official capacities for injunctive relief against alleged violations of federal

---

[48] *Green Valley Special Util. Dist. v. City of Schertz, Tex.*, 969 F.3d 460, 471 (5th Cir. 2020) (internal quotations and citation omitted) (cleaned up).
[49] *Kermode v. Univ. of Miss. Med. Ctr.*, 496 F. App'x 483, 491 n.7 (5th Cir. 2012).
[50] Williams does not, however, specify whether his claims against the Attorney General are in her official or individual capacity. "When a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp.2d 877, 888-89 (E.D. La. June 9, 2008) (collecting cases). The fact that Williams does not assert any claims for the Attorney General's individual conduct, as well as the fact that Williams sued O'Brien in both capacities and failed to do the same for the Attorney General is added reason to believe that Williams did not intend to sue the Attorney General in her individual capacity.
[51] *See Hamilton v. Foti*, 372 F. App'x 480, 485–86 (5th Cir. 2010) (finding that the Louisiana Attorney General is entitled to sovereign immunity); *see also Williams I*, No. 22-CV-1129, R. Doc. 20 at 10.

law.[52] For this exception to apply, however, the state official "must, 'by virtue of his office,' be 'clothed with some duty in regard to the enforcement of the laws of the state'—including and especially the alleged 'unconstitutional act.'"[53] In his Amended Complaint, Williams alleges that O'Brien had "direct involvement in perpetuating the fraud" and that the Attorney General is "responsible for enforcing child support laws and regulations."[54] Despite these broad allegations, however, Williams does not properly explain in what way either Defendant has a connection to the state laws he alleges are unconstitutional. Williams does not give any basis as to O'Brien's connection to the challenged laws. And while Williams generally alleges that the Attorney General is responsible for state child support laws and regulations, "[t]he Fifth Circuit has consistently held that general duties cannot provide the particular duty of enforcement required to overcome sovereign immunity."[55] There is nothing to show that either the Attorney General or O'Brien have a particular duty to enforce the challenged laws or that they have a willingness to enforce those laws. Absent such a showing, the Court cannot find that *Young* applies.[56]

Nor do the remaining exceptions to sovereign immunity apply. Congress has not abrogated sovereign immunity for claims arising under Section 1983, and

---

[52] *Green Valley*, 969 F.3d at 471.
[53] *Free Speech Coal., Inc. v. LeBlanc*, 697 F.Supp.3d 534, 542 (E.D. La. 2023) (quoting *Young*, 209 U.S. at 158)).
[54] R. Doc. 39 at ¶ 8.
[55] *Free Speech*, 697 F.Supp.3d at 550 (citations omitted); *see Tex. Democratic Party v. Abbott*, 91 F.3d 389, 400-01 (5th Cir. 2020).
[56] *See, e.g., Langan v. Abbott*, 518 F.Supp.3d 948, 954 (W.D. Tex. 2021) ("Because Plaintiffs have not demonstrated that Governor Abbott has a sufficient connection to the enforcement of [the Texas Family Code], Plaintiffs' claims against Governor Abbott are barred by Eleventh Amendment sovereign immunity.").

Louisiana has not waived sovereign immunity.[57] Louisiana law states that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."[58] Nor does the Court consider the State's failure to invoke sovereign immunity in the instant Motion to be a waiver of this defense. Indeed, "[a] state's waiver of immunity must be unequivocal."[59] The Fifth Circuit has found that this standard is met when the state voluntarily invokes federal jurisdiction or when it makes a "clear declaration" that it intends to submit itself to federal jurisdiction.[60] The Court does not consider this standard to be met solely by the State's failure to raise sovereign immunity in the instant Motion—particularly when it previously raised the issue in an earlier-filed motion which it has not moved to withdraw and further advises remains pending.[61]

Having found that the Attorney General and O'Brien are entitled to sovereign immunity for the claims brought against them in the official capacities and that no exception to sovereign immunity applies, the Court finds that Williams's claims against these Defendants in their official capacities must be dismissed without prejudice.

---

[57] *NiGen Biotech, LLC v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)).
[58] LA. R.S. 13:5106(A).
[59] *Kermode v. Univ. of Miss. Med. Ctr.*, 496 F. App'x 483, 489 (5th Cir. 2012) (internal quotations and citations omitted).
[60] *Id.* (quoting *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005)) (internal quotations omitted).
[61] *See Union Pac. R. Co. v. La. Pub. Serv. Com'n*, 662 F.3d 336, 341 (5th Cir. 2011) ("Under the facts of this case—where the State of Louisiana was involuntarily haled into federal court as a defendant—we conclude there was never a voluntary invocation of or unequivocal submission to federal jurisdiction. The State's conduct in the district court in the present case is insufficient to constitute an unequivocal or clear declaration of waiver.") (internal citations omitted).

### ii. Williams's Claims Against DCFS and its Child Support Enforcement Division

Williams also sues DCFS and its Child Support Enforcement Division.[62] Both this Court and the Fifth Circuit have determined that DCFS is an arm of the State.[63] Moreover, Williams's claims against DCFS, like his claims against the Attorney General and O'Brien, are not subject to any sovereign immunity exceptions. As the Court explained above, Congress has not abrogated sovereign immunity, and the State has not waived its immunity. And here, the *Young* exception fails at its first prong, because "[t]he *Young* exemption 'has no application in suits against the States and *their agencies*.'"[64] Accordingly, Williams's claims as to DCFS and its Child Support Enforcement Division are barred by sovereign immunity and must be dismissed without prejudice.

---

[62] *See Williams I*, No. 22-CV-1129, R. Doc. 20 at 1 n.2 noting that Williams's claims against "Louisiana Department of Social Services, Office of Family Support, Support Enforcement Service" were claims against DCFS. In this matter, too, Plaintiff's claims against Louisiana Department of Social Services and its Child Support Enforcement Division are properly alleged against DCFS.

[63] *Peter-Takang v. Sonnier*, 663 F. App'x 315, 318 (5th Cir. 2016) (citations omitted) (extending sovereign immunity to Department of Children and Family Services); *Hall v. Evans*, 14-CV-0801, 2014 WL 5040742, at *3 (E.D. La. Oct. 8, 2014); *see Harmony Ctr., LLC v. Jindal*, No. 10-621, 2010 WL 4955168 (M.D.La. Nov. 30, 2010); *see also Schannette v. Doxey,* No. 12-CV-1416, 2013 WL 4516041 (W.D. La. Aug. 22, 2013).

[64] *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963–64 (5th Cir. 2014) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)) (emphasis added); *Doe v. Harrell*, 841 F. App'x 663, 668 (5th Cir. 2021) ("The Board [of Regents] itself is immune from all of Doe's claims: absent waiver or abrogation (neither of which are at issue here), only state officials—not state agencies—can be prospectively enjoined consistent with state sovereign immunity."); *Cozzo v. Tangipahoa Par. Council—President Gov.*, 279 F.3d 273, 280–81 (5th Cir. 2002)) ("When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity.").

### C. Williams's Remaining Claims Against O'Brien In her Individual Capacity

The only claims that remain are Williams's claims against O'Brien in her individual capacity, which the State insists must be dismissed based on qualified immunity. Government officials may invoke qualified immunity as a defense to Section 1983 claims, which "shields government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[65] The Supreme Court has made clear that qualified immunity functions as an immunity from suit, rather than a mere defense to liability.[66] "[T]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'"[67] "This means that even law enforcement officials who reasonably but mistakenly commit a constitutional violation are entitled to immunity."[68] Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."[69]

---

[65] *Mabry v. Lee County*, 100 F.Supp.3d 568, 572 (N.D. Miss. 2015) (quoting *Luna v. Mullenix*, 773 F.3d 712, 718 (5th Cir. 2014), *rev'd on other grounds*, 136 S.Ct. 305 (2015)).
[66] *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (internal quotations omitted).
[67] *Brumfield v. Hollins*, 551 F.3d 322, 326-27 (5th Cir. 2008) (quoting *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000)).
[68] *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 488 (5th Cir. 2001) (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001)) (internal quotations omitted).
[69] *Pearson*, 555 U.S. at 231.

Once the government official asserts the defense of qualified immunity, the burden shifts to the plaintiff to negate the defense.[70] To overcome a claim of qualified immunity, a plaintiff must demonstrate: (1) that the official violated a statutory or constitutional right; and (2) that the right was "clearly established" at the time of the challenged conduct.[71] It is up to the district court's sound discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.[72]

Here, Williams's claims against O'Brien fail on the first prong. As this Court has previously explained in considering Williams's claims against state actors for enforcement of child support payments, "there are no judicial decisions recognizing a constitutional right of a man to terminate his duties of support under state law for a child that he has fathered, no matter how removed he may be emotionally from the child."[73] Thus, Williams has no constitutional right to terminate his child support duties and has failed to identify any other constitutional violation.[74]

Moreover, Williams's Amended Complaint is completely devoid of any factual matter which, accepted as true, states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[70] *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (citation omitted).
[71] *Ashcroft v. al-Kidd*, 563 U.S. 731, 735) (citation omitted).
[72] *Pearson*, 555 U.S. at 236.
[73] *Williams I*, 22-CV-1129, R. Doc. 20 at 11-12 (quoting *N.E. v. Hedges*, 391 F.3d 832, 836 (6th Cir. 2004)) (internal quotations omitted).
[74] Although the Court does not read Williams's Amended Complaint to state a claim against the Attorney General in her individual capacity, to the extent he intended to do so, these claims would fail for the same reasons Williams's claims against O'Brien in her individual capacity fail.

misconduct alleged."[75] Even construing Williams's pro se Amended Complaint liberally, as the Court has done, Williams has failed to provide any facts indicating that O'Brien violated his constitutional rights. Williams alleges in his Amended Complaint that O'Brien had "direct involvement in perpetuating the fraud" Williams alleges occurred.[76] But Williams fails to identify any fraudulent acts whatsoever taken by O'Brien to support a claim of fraud.[77] In alleging fraud, a party must state with particularity the circumstances constituting fraud or mistake.[78] Williams fails to do so here. Accordingly, Williams's claims against O'Brien in her individual capacity must be dismissed with prejudice.

### D. Amendment

The Court notes that although Williams does not seek leave to amend his Amended Complaint in response to the State's Motion, a pro se litigant should generally be offered an opportunity to do so before his case is dismissed.[79] Granting leave to amend is not required, however, if the plaintiff has already pleaded his "best case."[80]

Here, amendment would be futile. Williams has already been afforded the opportunity to amend his allegations in this case specifically and has filed numerous other iterations of his claims in the two lawsuits he filed prior to this one.[81] Moreover, the majority of Williams's claims in this case have been dismissed because this Court

---

[75] *Id.*
[76] R. Doc. 39 at ¶ 8.
[77] R. Doc. 4.
[78] FED. R. CIV. P. 9.
[79] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).
[80] *Id.*
[81] R. Doc.

lacks jurisdictional to hear them. And the claims the Court did consider failed based on the lack of a clearly established constitutional right to terminate child support duties. No amendment would change this. Accordingly, the Court dismisses this matter without granting Williams an additional opportunity to amend his claims.

### IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendants Attorney General State of Louisiana and Angela O'Brien's Motion to Dismiss First Amended Complaint[82] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff Purnell Williams's claims against the Attorney General State of Louisiana, DCFS, incorrectly identified as Louisiana Department of Social Services and Child Support Enforcement Division, and Angela O'Brien in her official capacity are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. Plaintiff Purnell Williams's claims against Angela O'Brien in her individual capacity are **DISMISSED with prejudice** for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that the following Motions are **DENIED as moot**: (1) the Motion to Dismiss for Failure to State a Claim and Motion to Dismiss for Lack of Jurisdiction filed by Attorney General State of Louisiana and Angela O'Brien;[83] (2) the Motion for Immediate Injunction filed by Plaintiff Purnell

---

[82] R. Doc. 43.
[83] R. Doc. 10.

Williams;[84] (3) the Motion for Summary Judgment filed by Plaintiff Purnell Williams;[85] and (4) the Motion to Dismiss Plaintiff's Motion for Summary Judgment as Premature filed by Defendants Attorney General State of Louisiana and Angela O'Brien.[86]

New Orleans, Louisiana, February 4, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[84] R. Doc. 27.
[85] R. Doc. 41.
[86] R. Doc. 45.